UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

LISA WALLS BOYCE,                    )
                                     )
        Plaintiff                    )
                                     )
v.                                   )    No. 1:13-cv-381-JAW
                                     )
CAROLYN W. COLVIN, Acting            )
Commissioner of Social Security,     )
                                     )
        Defendant                    )

# REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal contends that the Appeals Council's decision to deny her application was not supported by substantial evidence. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520. 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge below found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act for purposes of SSD only through December 31, 2007, Finding 1, Record at 34; that she suffered from degenerative disc disease, obesity, anxiety, depression, and a history of substance abuse, impairments that were severe but which, considered

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on September 10, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id.* at 34-35; that she had the residual functional capacity ("RFC") to perform light work, except that she could only occasionally climb ramps or stairs, balance, crawl, stoop, kneel, or crouch, never climb ropes, ladders, or scaffolds, must avoid workplace hazards such as uneven work surfaces, must be limited to routine, repetitive work with only occasional decision-making, occasional and gradual workplace changes, and could tolerate no more than occasional interaction with the general public, Finding 5, *id*. at 36; that she was capable of performing her past relevant work as a maid, Finding 6, *id*. at 40; and that, therefore, she had not been under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset of disability, July 24, 2003, through the date of the decision, January 27, 2012, Finding 7, *id*. at 41.

The Appeals Council decided to review this decision, *id*. at 10, and found that, while it agreed with Findings 1-5 of the administrative law judge's opinion, the plaintiff was unable to perform her past relevant work, *id.* at 10-12. It found that, based on the plaintiff's age (37 on the alleged date of onset of disability), high school education, work experience, and RFC, and using the Medical Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P, as a framework for decision-making, there were a significant number of jobs in the national economy that she could perform, and that, as a result, she had not been disabled at any relevant time, *id*. at 12. This decision was the final determination of the commissioner. 20 C.F.R. §§ 404.981, 416.1481.

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support

the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The Appeals Council reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff's appeal centers on the testimony of the vocational expert at the hearing before the administrative law judge. Plaintiff's Itemized Statement of Errors ("Itemized Statement") (ECF No. 8) at 3-7. Specifically, she contends that the Appeals Council "incorrectly characterized" this testimony, *id*. at 3.

The defendant disagrees. Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 11) at 2-6. She concedes that the vocational expert in fact testified that two of the three jobs listed by the Appeals Council as being available to the plaintiff, charge account clerk and cashier, could not be performed by the plaintiff because her assigned RFC limits her contact with the public. Opposition at 2. With respect to the third job, surveillance system monitor, however, the parties strongly disagree.

I begin with the well-settled principle that the availability of a single job for a claimant, and specifically the job of surveillance system monitor at issue here, may be sufficient to carry the commissioner's burden at step 5 of the sequential review process. *E.g., Beeler v. Astrue*, No. 2:09-CV-649-GZS, 2010 WL 4791836, at *5 (D. Me. Nov. 17, 2010); *Brun v. Barnhart*, No. 03-44-B-

W, 2004 WL 413305, at *5-*6 (D. Me. Mar. 3, 2004). As to the surveillance system monitor job, the plaintiff contends that it is barred by the report of Dr. Allen, a state-agency reviewing psychologist, upon which the administrative law judge "based" the RFC that he assigned to the plaintiff, because "Dr. Allen reported that Ms. Wall-Boyce has '[v]ariable concentration[.]'" Itemized Statement at 6.[2]

The only possible limitations included in the RFC adopted by the Appeals Council that could be tied to the plaintiff's ability to concentrate are the following: "The claimant would be limited to routine, repetitive work, with only occasional decision-making, only occasional and gradual workplace changes, and could tolerate no more than occasional interaction with the general public." Record at 12. The Appeals Council does not specify the basis in the record for these limitations, but it does say that it "adopts the residual functional capacity set forth in the hearing decision." *Id*. at 10. The limiting language quoted above also appears in the administrative law judge's decision. Record at 36.

The administrative law judge found that the plaintiff's mental impairments caused moderate difficulties in maintaining concentration, persistence, or pace.[3] *Id.* at 36. Of Dr. Allen, he said:

> The opinion of the State Agency psychological consultant, Dr. Peter Allen, is also given great weight. Dr. Allen opined that the claimant's understanding and memory were within normal limits, but that she would struggle with complexities (13F). He opined that the claimant had variable concentration, but was capable of routine tasks during a normal workday and workweek (*Id.*) Dr. Allen opined that the claimant could interact

---

[2] At oral argument, the plaintiff's attorney also challenged the administrative law judge's reliance on this job due to its description in the Dictionary of Occupational Titles ("DOT") as having a general educational development ("GED") level of 3, which he contended rendered the job inappropriate for the plaintiff. This argument was not raised in the plaintiff's itemized statement and, therefore, has been waived.

[3] At oral argument, the plaintiff's attorney cited *Schuh v. Barnhart*, 85 Fed. Appx. 854, 2001 WL 103413 (3rd Cir. Jan. 23, 2004), as the source for a definition of the word "moderate" as used in the context of Social Security law, with particular emphasis on its application to the four areas of work-related activities that must be considered when evaluating mental impairments. However, that opinion merely repeats the definition used by the claimant's attorney in questioning a vocational expert; the court did not adopt that definition. *Id*. at 857-58, **3.

> appropriately with a small group of co-workers, could tolerate normal supervision, work occasionally with the public, and adapt to minor workplace changes (*Id*.). This opinion is consistent with the totality of the record and well supported by the objective medical evidence. As such, Dr. Allen's opinion is given great weight.

*Id*. at 40.

It is apparent that the administrative law judge concluded that Dr. Allen's findings of "variable concentration," which he expressly included in his discussion of the plaintiff's mental RFC, was not inconsistent with the RFC that he assigned to the plaintiff, nor with his hypothetical question to the vocational expert. The hypothetical question that the administrative law judge posed to the vocational expert was the following:

> I want you to consider a hypothetical individual the same age and vocational background as the claimant. … If such an individual was limited to light exertional work … – with only occasional climbing ramps or stairs, no climbing ladders or scaffolds, only occasional crawling and stooping, kneeling [and] crouching. Would need to avoid hazards, work place hazards such as uneven work surfaces, would be further limited to routine, repetitive work and not being greater than unskilled. . . . Only occasional decision making, only occasional and gradual work place changes. . . . And can't tolerate more than occasional proximity and/or interaction with the general public.

Record at 61-62.

The administrative law judge later added a limitation of a need to alternate between sitting and standing. *Id*. This limitation does not appear in the RFC ultimately assigned to the plaintiff. The vocational expert responded, *inter alia*, that the surveillance system monitor job would fit within all of these limitations. *Id*. at 62-63, 67. The plaintiff's attorney then asked the vocational expert whether the job would continue to be available "for someone who has variable concentration, moderate limitations in attention and concentration?" *Id*. at 68. The vocational expert replied that the job would not be available if the ability to concentrate was limited by more than 20 percent. *Id*. at 70.

The attorney continued to press, and the vocational expert eventually testified that a person in the surveillance system monitor job "cannot be off task at all" during the two-hour blocks between breaks. *Id.* at 71. Finally, the attorney asked, "So if [their] concentration was variable within that two-hour block in this job that would be problematic?" and the vocational expert replied, "Yes, the person cannot work." *Id.* at 72. Since Dr. Allen said of the plaintiff that she had "[v]ariable concentration but [was] capable of routine tasks for normal workday/week, within her physical limits[,]" *id.* at 720, his reference to "variable concentration," as well as that of the administrative law judge, cannot reasonably be interpreted to include symptoms that would make it impossible for the plaintiff to work.

The plaintiff cites no authority in support of her strained interpretation of Dr. Allen's finding. This court has repeatedly upheld limitations to simple, routine, and/or repetitive work when the claimant has been found to be moderately limited in the area of concentration, persistence, or pace. *See, e.g., Heath v. Astrue*, No. 1:12-cv-99-DBH, 2012 WL 6913440, at *8-*9 (D. Me. Dec. 30, 2012). I see no reason to hold differently merely because the state-agency reviewing psychologist describes a claimant's concentration as "variable."

In Social Security cases in other courts, medical professionals and administrative law judges have frequently concluded that "variable concentration" is consistent with an ability to perform simple, routine, and/or repetitive tasks during a normal workday. *See, e.g., Jones v. Colvin*, No. 13-CV-414-GKF-TLW, 2014 WL 3818283, at *7, *13 (N.D. Okla. Aug. 4, 2014) (upholding decision of administrative law judge who found doctor's opinion that claimant's attention and concentration were variable and limited was consistent with limitation to simple, repetitive, routine tasks); *Christina v. Colvin*, No. 12-CV-963C, 2014 WL 1279035, at *3 (W.D. N.Y. Mar. 26, 2014) (reviewing psychologist stated that plaintiff's attention and concentration

would be variable, but she was not substantially limited in her ability to perform work-related activities); *Ford v. Astrue*, No. C12-629-BAT, 2012 WL 6552774, at *2 (W.D. Wash. Dec. 13, 2012) (reviewing psychologist concluded that plaintiff "may have difficulty with detailed tasks (due to variable concentration) but is able to understand and remember simple tasks reliably").

In two cases in which the courts considered arguments similar to that made by the plaintiff in the instant case, those arguments have been rejected. In *Roesler v. Colvin*, Civil No. 12-1982 (JRT/JJK), 2013 WL 4519388 (D. Minn. Aug. 26, 2013), the plaintiff argued, without citation to supporting authority, that a consultative examining psychologist's statement that his "attention and concentration appeared variable," *id.* at *2, meant that he was incapable of successfully completing sedentary, moderately detailed work. *Id.* at *5. The court rejected this argument. *Id.* at *7. In *Williamson v. Colvin*, Civil Action No. 12-1117-JWL, 2013 WL 2631742 (D. Kan. June 12, 2013), the examining consultative psychologist stated that the claimant "has adequate cognitive abilities for simple jobs, but attention and concentration are variable, meaning that she is likely to be unreliable in fulfilling work requirements." *Id.* at *9. The claimant equated this statement with a conclusion that she was unable to work. *Id.* at *10. The court stated:

> The court cannot agree. Dr. Kovach opined that variable attention and concentration make Plaintiff unreliable in fulfilling requirements of work, she did not opine[] that it precludes work. In fact, Plaintiff's argument ignores Dr. Kovach's expressed opinion that Plaintiff "has adequate cognitive abilities for simple jobs." (R. 622). The ALJ acknowledged Plaintiff's variable attention and concentration and accounted for it by noting that she is "limited to jobs that do not demand attention to details or complicated job tasks. (R. 12). The fact that Plaintiff disagrees with the ALJ's finding is immaterial. The question is whether the ALJ's findings are supported by substantial record evidence, and the court may not reweigh the evidence and substitute its judgment for that of the Commissioner[.]

*Id.*

This analysis applies equally to the plaintiff's argument in the instant case.

7

The courts have not been entirely uniform when confronted with the specific question of the degree of concentration required by the job of surveillance system monitor, but the majority appears to have rejected the plaintiff's position. *Compare, e.g., Rapp v. Colvin*, No. 12-CV-2743 (PJS/TNL), 2014 WL 1017958, at *14 (D. Minn. Mar. 17, 2014) (finding of moderate difficulties in concentration, persistence, or pace, without finding of how long claimant would be able to maintain attention and concentration in job of surveillance system monitor required remand); and *Edwards v. Barnhart*, 383 F.Supp.2d 920, 930-31 (E.D. Mich. 2005) (finding of moderate limitation in ability to concentrate, persist, and keep pace not fully conveyed by limitation in hypothetical to "no more than simple, routine, unskilled work," as surveillance system monitor job "seems to require a degree of sustained concentration, persistence and pace"), *with, e.g., Harris v. Astrue*, Civil Action No. 3:11-1018, 2012 WL 3231328, at *8 (M.D. Tenn. Aug. 6, 2012) (nothing in DOT suggest surveillance system monitor job not possible when only able to concentrate in two hour blocks); *Monseau v. Astrue*, Civil Action No. 5:09CV45, 2010 WL 1286200, at *3 (N.D. W.Va. Mar. 29, 2010) (affirming denial of application for benefits based, in part, on vocational expert's testimony that surveillance system monitor job "could be performed without sustained concentration"); and *Williams v. Apfel*, No. C-99-3831 CRB, 2000 WL 274199, at *6 (N.D. Cal. Feb. 28, 2000) (vocational expert testified that moderate limitation on concentration, with ability to perform simple tasks, consistent with surveillance system monitor job; decision affirmed).

I find the reasoning of the majority, and particularly that of the recent decision in *Jones*, 2014 WL 3818283, at *17, to be persuasive. In short, the attempt of the plaintiff's attorney at hearing to have the vocational expert concede that "variable concentration" equates to an inability to concentrate for 20 percent or even a third of the time, Record at 70, making the surveillance

system monitor job unsuitable for the plaintiff, is without a basis in Social Security regulations or case law.

## II.     Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of September, 2014.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge